IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS, | No. 2:16-cv-2814-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| BAKER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Doc. 4).

The Prison Litigation Reform Act's (PLRA) "three strikes" provision provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, when a prisoner plaintiff has had three or more prior actions

dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12. Once it is determined that the prisoner plaintiff has three or more actions dismissed as frivolous, malicious, or for failure to state a claim, the prisoner is precluded from proceeding in forma pauperis in another action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055.

The court has previously determined that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1985(g). See Bontemps v. Sotak, Case No. 2:09-cv-2115-MCE-EFB (Docs. 92, 96) (revoking plaintiff's in forma pauperis status); Bontemps v. Jochim, Case No. 2:16-cv-2625-EFB (Doc. 7) (denying plaintiff's application to proceed in forma pauperis).[1] In addition, it does not appear that plaintiff was under imminent danger of serious physical injury when he filed the instant complaint. In his complaint, Plaintiff claims that was subjected to the use of excessive force one time, six months prior to filing the complaint in this action. The use of force consisted of placing plaintiff in handcuffs in such a manner that caused him pain and marked his skin, then pushing plaintiff in the back. Based on the limited

---

[1] Citing the following three cases that were dismissed as frivolous, malicious, or for failure to state a claim: Langston v. Finn, No. 2:08-cv-2475 EFS (E.D. Cal. May 1, 2013) (Doc. 34) (order of dismissal constitutes a "strike" under 1915(g)); Langston v. CDCR, No. 2:10-cv-3191 KJN (E.D. Cal. May 24, 2013) ("The SAC fails to state a cognizable federal civil rights claim.") (Doc. 23); and Langston v. Shiaishi, No. 2:11-cv-1624 DAD (E.D. Cal.May 13, 2013) (failure to state a cognizable claim) (Doc. 17).

statement of facts in the complaint, it appears this was a one time event. There is nothing in his complaint alleging he is or was in any imminent danger of serious physical injury at the time he filed his complaint. Having handcuffs placed too tightly causing a mark on the skin is not serious physical injury. There is nothing in the complaint which could lead the court to find he was plausibly under any danger of serious physical injury. Thus, the imminent danger exception does not apply.

As plaintiff has not paid the filing fee, and is not eligible to proceed in forma pauperis, this action shall be dismissed, without prejudice to re-filing upon prepayment of the filing fees. See Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1998).

Plaintiff is now required to show cause in writing, within 30 days of the date of this order, why this action should not be dismissed. Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Doc. 4) is denied; and

2. Plaintiff shall show cause, in writing, within 30 days of the date of this order, why this action should not be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

DATED: May 12, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE